Springer Science + Bus. Media LLC v Soho AOA Owner LLC (2018 NY Slip Op 03612)





Springer Science + Bus. Media LLC v Soho AOA Owner LLC


2018 NY Slip Op 03612


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Sweeny, J.P., Renwick, Mazzarelli, Gesmer, Singh, JJ.


650665/15 6493 -1771 6492

[*1]Springer Science + Business Media LLC, Plaintiff-Respondent,
v
Soho AOA Owner LLC, Defendant-Appellant.


Kossoff PLLC, New York (Joseph Goldsmith of counsel), for appellant.
Schulte Roth & Zabel LLP, New York (Robert M. Abrahams of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered November 30, 2017, awarding plaintiff injunctive relief and attorneys' fees and dismissing defendant's counterclaims, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about October 23, 2017, which denied defendant's motion to compel compliance with nonparty subpoenas and for discovery sanctions and granted plaintiff's cross motion for summary judgment on its claims for declaratory and injunctive relief and dismissing defendant's counterclaims, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The record demonstrates as a matter of law that plaintiff did not breach the anti-assignment provision of its commercial lease with defendant landlord. The lease restricts "assignments" by "Tenant" only. "Tenant" is defined as plaintiff (a limited liability company) or its successors, and an "assignment" is defined as the transfer of "a majority of the . . . stock of any corporate tenant" or "a majority of the total interest in any
. . . limited liability company . . ., however accomplished, whether in a single transaction or in a series of related or unrelated transactions." We find that there was no transfer of the majority interest in plaintiff, and thus no assignment.
It is undisputed that plaintiff's immediate parent remained the same throughout the relevant period. Contrary to defendant's contention, it is immaterial that there was a change in ownership of the ultimate parent of the corporate conglomerate of which plaintiff is a part - an entity multiple rungs up the corporate ladder from plaintiff. As this Court has observed, "Given the vast web of interlocking ownership between many corporations, it would be unreasonable to read the lease provision as effecting an assignment or transfer whenever some far removed corporate parent is sold, especially when the lease expressly limits the prohibition to capital stock of tenant' or other entity which is tenant'" (Cellular Tel. Co. v 210 E. 86th St. Corp., 44 AD3d 77, 82 [1st Dept 2007]). Contrary to defendant's claim, the anti-assignment provision at issue in Cellular Telephone was not meaningfully narrower than the provision at issue here (compare 44 AD3d at 78).
Moreover, even if the facts of the underlying transactions in this case are not as fully developed as in Cellular Telephone, that is immaterial, because the critical fact - that the transactions took place well up the corporate chain - is not in dispute. For this reason, defendant's discovery motion, which sought discovery related to the transactions and sanctions for plaintiff's failure to provide it, was also properly denied.
There is no basis for disqualifying Justice Ramos.
We have considered defendant's remaining arguments and find them unavailing.
M-4771 - Springer Science + Business Media
LLC v Soho AOA Owner LLC
Motion for stay pending appeal denied as academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK